UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| SOUTH CANAAN CELLULAR INVESTMENTS, INC., and | : | |
| | : | |
| SOUTH CANAAN CELLULAR EQUITY, LLC | : | Bankruptcy No. 09-10473bf |
| Debtors | : | (Jointly Administered with 09-10474) |
| SOUTH CANAAN CELLULAR INVESTMENTS, INC., and | : | |
| | : | |
| SOUTH CANAAN CELLULAR EQUITY, LLC | : | |
| Plaintiffs | : | |
| v. | | |
| | : | |
| LACKAWAXEN TELECOM, INC. and FRANK M. COUGHLIN | | Adversary No. 09-0218 |
| | : | |
| Defendants | : | |

..................................................

MEMORANDUM

..................................................

Defendants Lackawaxen Telecom, Inc. ("LTI") and Mr. Frank Coughlin have filed two motions in this adversary proceeding that are related. First, the defendants seek to sever the plaintiffs/debtors' objection to LTI's unsecured proofs of claim from the above-captioned adversary proceeding. In addition, they also seek to strike the jury trial request of the debtors. The debtors oppose both motions.

Upon consideration of the memoranda submitted and the oral arguments presented, for reasons that follow I shall grant the request to strike the jury demand but deny the defendants' request to sever.

I.

In this adversary proceeding, the debtors allege that defendant Mr. Coughlin, who is a shareholder of LTI and member of both debtors, improperly obtained assignments of the debtors' obligations from CoBank, ACB in 2007. The debtors assert seven alternative and overlapping claims against Mr. Coughlin in connection with those loan assignments: breach of duty of loyalty; breach of duty of candor/disclosure; usurpation of business opportunity; breach of duty of good faith; breach of duty of care; breach of fiduciary duty; and breach of duty of good faith and fair dealing.

In addition, the debtors join a claim against defendant LTI in their complaint for allegedly aiding and abetting Mr. Coughlin in his breach of these various duties to the debtor. They also include an objection to the $13 million secured proofs of claim filed by LTI in the debtors' two chapter 11 bankruptcy cases. See Fed. R. Bankr. P. 3007(b) (an objection to a proof of claim "may be included in an adversary proceeding").

In their objection to LTI's proofs of claim, the debtors seek to disallow LTI's claims because: the assignments of the loans from Co-Bank to LTI should be invalidated; a constructive trust should be imposed upon any gain or profit LTI received owing to these loan assignments; LTI should be precluded from receiving any accrued interest or attorney's fees arising from the Co-Bank loans; the prepetition interest

2

component of LTI's proof of claim was improperly computed; and, the attorney's fees components of the proofs of claim are excessive. In addition, as to defendants LTI and Coughlin, the debtors demand damages, imposition of a constructive trust, invalidation of the CoBank assignment, injunctive relief, and attorneys fees and costs based upon their claims of breaches of duties and aiding and abetting such breaches.

As part of their complaint, the debtors demand trial by jury on all claims, except the objection to LTI's proofs of claim.

In response to this complaint, the defendants filed a joint motion to dismiss under Fed. R. Bankr. P. 7012 on July 29, 2009. In their memorandum accompanying this dismissal motion, the defendants stated:

> Plaintiffs' Complaint contains a demand for a jury trial. (Complaint, ¶ 16.) 28 U.S.C. § 157(e) provides that a Bankruptcy Court may conduct such a jury trial *only* if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties. Neither Defendant Coughlin nor Defendant LTI consents to the exercise of such jurisdiction by this Bankruptcy Court.
>
> For all these reasons, this case should be dismissed under F.R.Civ.P. 12(b)(1).

Defendants' Memorandum in Support of their Motion to Dismiss, at 8 (emphasis in original).

Contemporaneously with the filing of their motion to dismiss, the defendants filed a motion with the district court to withdraw the reference for this adversary proceeding under 28 U.S.C. § 157(d). They asserted to the district court that the debtors had raised non-core claims and had also demanded a jury trial. As the defendants did not consent to a bankruptcy judge presiding over such a trial, the

3

defendants maintained that the jurisdictional reference to the bankruptcy court should be withdrawn and the adversary proceeding adjudicated in the district court.[1]

On August 12, 2009, the debtors filed their memorandum in opposition to defendants' motion to dismiss. In this memorandum, the debtors stated in part:

> Debtors hereby voluntarily withdraw their demands for (1) a jury trial and (2) a rescission of the assignment of the loan from Co-Bank to LTI thus rendering moot those grounds in the Motion to Dismiss.
>
> ***
>
> Plaintiffs/Debtors hereby withdraw their request for a jury trial respecting their adversary action against LTI and Coughlin. Accordingly, Defendants' objection to the jury demand is now moot.

Debtors' Memorandum of Law in Opposition to Defendant's Motion to Dismiss, at 7 n.1, and 20 n.4.

On August 17, 2009, at a hearing on the debtors' motion to approve a jointly proposed disclosure statement under 11 U.S.C. § 1125, counsel addressed the pendency of the defendants' motion to dismiss this adversary proceeding as well as LTI's motion to withdraw the reference. Counsel for LTI opined that he anticipated that the district court, rather than this bankruptcy court, would rule upon the pending motion to dismiss. N.T., at 12. Counsel for the debtors disagreed, implying that the motion to dismiss should be considered by this court. Id., at 12-13. Insofar as the issue of trial by jury was concerned, counsel for the debtors stated that they had "withdrawn the request

---

[1]Although not cited by the defendants, their position regarding withdrawal of the reference by the district court when the adversary proceeding is non-core, a jury trial is demanded and permissible, and all parties do not consent to a bankruptcy judge presiding, is supported by Third Circuit Court of Appeals precedent. Beard v. Braunstein, 914 F.2d 434, 447 (3d Cir. 1990); see also In re Cinematronics, Inc., 916 F.2d 1444 (9th Cir. 1990).

for a jury trial." N.T., at 13. Counsel for LTI (who is also counsel for defendant Coughlin) then replied that such withdrawal would need defendants' consent. Id., at 13.

At that August 17, 2009 hearing, the defendants neither consented to nor opposed the withdrawal of plaintiff's jury demand. On August 26, 2009 the defendants filed two pleadings: a withdrawal of their motion filed with the district court to withdraw the reference of this adversary proceeding; and a "Notice of Consent to Non-Jury Trial." See docket # 14. This notice stated that the defendants "hereby consent to a non-jury trial of all issues triable by jury in the above adversary action." Id.

At a status hearing held thereafter in this proceeding, counsel reported the district court had noted on its docket that defendants' motion to withdraw the reference was marked withdrawn and so would not be considered by the district court. Moreover, defendants' counsel requested, in light of this disposition of their withdrawal motion, that this court adjudicate the pending motion to dismiss. The debtors opposed that request, arguing that they still desired a jury trial and that the district court should preside over this adversary proceeding, including adjudication of defendants' motion to dismiss.

Promptly thereafter, the defendants filed the instant motions to sever the debtors' objection to LTI's proofs of claim, and then filed a subsequent motion to strike the debtors' jury demand. See generally 8 Moore's Federal Practice-Civil, § 39.13[2][c] (3d ed. 2009) (motions to strike jury demands may be filed at any time prior to trial). I note that both the debtors and LTI have proposed competing chapter 11 plans, and those plans, if approved, may involve the distribution of assets of a limited partnership in which the two debtors are among the limited partners. If either chapter 11 plan were confirmed, it could only be consummated after determining the allowed unsecured claim of LTI.

II.

Federal Rule of Bankruptcy Procedure 7021 incorporates Federal Rule of Civil Procedure 21 in adversary proceedings such as this. Rule 21 states:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

If a claim is severed, it "proceeds as a discrete, independent suit." 4 Moore's Federal Practice, § 21.06 (2009); see United States ex rel. LaCorte v. Smithkline Beecham, 149 F.3d 227, 231 (3d Cir. 1998). Moreover, whether to sever a claim is within the discretion of the trial court. See, e.g., Walsh v. Miehle-Goss-Dexter, Inc., 378 F.2d 409, 412 (3d Cir. 1967); Grigsby v. Kane, 250 F. Supp.2d 453, 456 (M.D. Pa. 2003); 7 Federal Practice & Procedure Civ.,§ 1689 (3d ed. 2009).

While federal courts have invoked their discretion to sever claims against improperly joined parties, and when venue is improper as to some parties, see 7 Federal Practice & Procedure Civ., § 1689 (3d ed. 2009), application of Rule 21 is not restricted to those two circumstances. Moreover, whether to sever a claim under Rule 21 requires that a court consider the fairness to the parties and convenience and judicial economy, by analyzing factors such as the commonality of issues of law or fact and prejudice to the parties. See, e.g., German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995); In re Montagne, 2009 WL 1065427, at *2 (Bankr. D. Vt. 2009).

Similarly, Federal Rule of Bankruptcy Procedure 7042 incorporates Federal Rule of Civil Procedure 42. Rule 42(b) provides a trial court with discretion to order separate trials of claims "[f]or convenience, to avoid prejudice, or to expedite and

6

economize." The difference between severance under Rule 21 and separate trials under Rule 42 is that only the former results in two different civil actions. See, e.g., Official Committee of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 354 (E.D. Pa. 2000). Given the defendants' articulated intention that this bankruptcy court determine LTI's allowed claims against the debtors separately from any determination of the debtors' causes of action against Mr. Coughlin, which determination may be made in the district court, it appears that they seek severance under Rule 21.

In support thereof, the defendants contend that the legal and factual issues surrounding the allowance of LTI's proofs of claim are simple and separate from the legal and factual issues concerning the breach of duty claims against defendant Coughlin. Furthermore, as either proposed chapter 11 plan can only be consummated upon the determination of the allowance of LTI's unsecured claims, LTI maintains that the administration of these chapter 11 cases will be aided greatly if the objection to its claims is severed and promptly adjudicated in this bankruptcy court.

The debtors counter that before LTI's allowed unsecured claims can be determined the accomplice liability cause of action raised against it in this adversary proceeding first must be adjudicated. Since, in the debtors' view, that incorporates many of the factual and legal issues asserted in the causes of action against defendant Coughlin, the debtors maintain that it would uneconomical to sever their objection to LTI's proofs of claim.

LTI is correct that were the objection to its proofs of claim severed under Rule 21, that separate action would be treated as a core proceeding that can be tried in this bankruptcy court without a jury. 28 U.S.C. § 157(b)(2)(B); see, e.g., Billing v. Ravin,

7

Greenberg & Zackin, P.A., 22 F.3d 1242, 1251 n.14 (3d Cir. 1994); Travelers International A.G. v. Robinson, 982 F.2d 96 (3d Cir. 1992); In re Franklin Towne Lodge Ltd. Partnership, 1992 WL 357531, at *2 (E.D. Pa. 1992) (proof of claim disputes are equitable in nature). The defendants anticipate that such a trial in this court would take place prior to any jury trial in the district court. Were that to happen, to the extent of any factual and legal overlap, this court's determination of the proof of claim arguably may have preclusive effect. See Katchen v. Landy, 382 U.S. 323, 337-38 (1966); In re CBI Holding Co., Inc., 529 F.3d 432, 468-69 (2d Cir. 2008). Such preclusion may be considered unfair to the debtors. To the extent they have a right to trial by jury on the non-core claims asserted against defendant Coughlin, see generally Billing v. Ravin, Greenberg & Zackin, P.A., where there is a factual overlap between legal and equitable claims, trial by jury should generally precede a bench trial. See generally Lytle v. Household Mfg., Inc., 494 U.S. 545, 550 (1990); Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959); 9 Federal Practice & Procedure Civ., § 2305 (3d ed. 2009).[2]

This fairness concern, as well as issues involving judicial economy and prompt administration of these chapter 11 cases, will be avoided if the debtors have no right of trial by jury on any of their claims against the defendants. In such an instance, there would be no need to sever the debtors' objection to LTI's proofs of claim. Instead, this court could conduct a bench trial (assuming defendants' motion to dismiss were not granted) with recommended findings and conclusions issued as to the non-core claims

---

[2] I appreciate that the Court in Katchen distinguished Beacon Theatres on this point. 382 U.S. at 338-40; see also In re CBI Holding Co., Inc., 529 F.3d at 469. However, Katchen did not involve claims against a non-creditor defendant. Whether that difference is meaningful, at least when the jury demand is made by the chapter 11 debtor in possession, is an issue I need not now decide.

8

against defendant Coughlin. See generally Halper v. Halper, 164 F.3d 830, 837 (3d Cir. 1999) (for purposes of subject matter jurisdiction, litigation involving multiple claims or parties is treated on a claim-by-claim basis). Therefore, resolution of the defendants' motion to strike the plaintiff/debtors' jury demand is germane to the appropriate determination of their severance request.

### III.

Federal Rule of Bankruptcy Procedure 9015(a) incorporates Federal Rules of Civil Procedure 38 and 39 regarding jury trials. Rule 38 governs the procedure for a party to demand trial by jury. The defendants do not suggest that the debtors' demand was either untimely or improper. Instead, defendants focus solely upon Rule 39(a)(1), which states:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
>
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record[.]

Defendants contend that the debtors' clear statements in their legal memorandum purporting to withdraw their jury demand became effective when the defendants filed a consent thereto approximately one week later.[3]

> Both Rule 38(d) and 39(a)(1) reflect the understanding that:
>
> The right to a jury trial runs to every party. Each party has the right to demand a jury. Once a timely demand has been made by one party, it cannot be withdrawn without the consent of all parties.

9 Federal Practice and Procedure Civ., § 2321 (3d ed. 2009). Thus, when a timely jury demand has been made it may be relied upon by other parties, and therefore only

---

[3]In seeking to strike the debtors' jury demand, the defendants do not argue that the debtors' claims against defendant Coughlin are equitable in nature and thus not properly the subject of trial by jury. But see, e.g., Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 61 n.4 (1st Cir. 2003) (noting that the plaintiff "simply assumed that she is entitled to a jury trial . . . notwithstanding that a claim of 'breach of fiduciary duty' has long been recognized as an equitable cause of action, to which no right to jury trial attaches."); Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co., Inc., 215 F.3d 182, 186 (1st Cir. 2000) ("Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity' -carrying with them no right to trial by jury."); In re Hechinger Investment Co. of Delaware, 327 B.R. 537, 544 (D. Del. 2005) (there is no right to trial by jury for claims for breach of fiduciary duty). Nor do they suggest that chapter 11 debtors have no right to demand trial by jury in proceedings commenced against non-creditors. Compare Matter of Hallahan, 936 F.2d 1496, 1505 (7th Cir. 1991) (debtor waives its right to trial by jury upon filing a voluntary bankruptcy petition) with In re Franklin Towne Lodge Ltd. Partnership, 1992 WL 357531, at *3 (debtor's bankruptcy filing, by itself, does not constitute a waiver of trial by jury).

Not only is the issue of a debtor's right to trial by jury on any issue unsettled, see generally 8 Norton Bankr. L. & Prac. 3d, § 165:12 (2009) ("The thorniest issues in this area involve the extent to which debtors, debtors-in-possession, and trustees are precluded from asserting their right to a trial by jury by virtue of their involvement in the bankruptcy process."), but some courts have concluded that breach of duty claims may be considered legal rather than equitable causes of action, depending upon the particular relief sought. See Pareira v. Farace, 413 F.3d 330 (2d Cir. 2005); in re Oakwood Homes Corp., 378 B.R. 59 (Bankr. D. Del. 2007).

Given these uncertainties about the debtors' entitlement to trial by jury in this proceeding, and given my conclusion that the debtors have agreed to proceed without a jury under Rule 39(a)(1), I do not address under Rule 39(a)(2) whether the debtors' initial demand for trial by jury was appropriate.

withdrawn if all parties consent. See Reid Brothers Logging Co. v. Ketchikan Pulp Co., 699 F.2d 1292, 1304 (9th Cir. 1983).

Although Rule 39(a) refers to a "stipulation," courts have considered the conduct of parties when determining whether an earlier demand for a jury trial has been effectively withdrawn. See generally Wilcher v. City of Wilmington, 139 F.3d 366, 378 (3d Cir. 1998); Kahn v. General Motors Corp., 865 F. Supp. 210, 212 (S.D.N.Y. 1994) (under Rule 39(a) "a demand for a jury trial can be waived by the conduct of the parties in a variety of ways"). The intent of parties to waive their jury demand must be clear, see Tray-Wrap, Inc. v. Six Ls' Packing Co., Inc., 984 F2d 65, 68 (2d Cir. 1993), but no formal stipulation is required. Compare Kahn v. General Motors Corp., 865 F. Supp. 213 (S.D.N.Y. 1994) (plaintiff's letters to the court in 1991 and 1992 expressly stating a withdrawal of a prior jury demand were binding under Rule 39(a)(1) as accepted by defendant in a 1993 pretrial hearing) with Zenith Radio Corp. v. Matsushita Electrical Industrial Co., Ltd., 478 F. Supp. 889, 896 n.16 (E.D. Pa. 1979) (plaintiffs failed to state an "unequivocal . . . intention to withdraw their jury demands"), vacated on other grounds, 631 F.2d 1069 (3d Cir. 1980). When there has been no formal stipulation filed or placed orally on the record, courts must consider whether the record clearly reflects the consent of all parties to proceed without a jury. See 8 Moore's Federal Practice - Civil, § 39.13[1][c][i] (3d ed. 2009).

For example, the Ninth Circuit Court of Appeals has held that Rule 39(a)(1) does not permit a party to refuse to consent to a withdrawal of a jury demand by another party when the non-consenting party had already filed a motion to strike the jury demand. Reid Brothers Logging Co. v. Ketchikan Pulp Co., 699 F.2d 1292 (9th Cir. 1983); see

11

also Brady v. Brown, 1995 WL 120657, at *3 (9th Cir. 1995) (when one party is silent at the time the other party places its intention to withdraw its jury demand on the record, circumstances may demonstrate that such silence represented consent to withdrawal). Similarly, in Glaxo Wellcome, Inc. v. Genpharm, Inc., 1997 WL 381939 (S.D.N.Y. 1997), the district court held that the plaintiff could not alter its position in objecting to the defendant's jury demand and "refuse to consent to Defendant's withdrawal of its jury demand, after Defendant withdrew its request in an effort to move this case forward to a timely resolution." Id, at *1.

Not every statement made by one party to withdraw a previously made jury demand will result in a waiver under Rule 39(a)(1). Thus, one court has held that a statement in a memorandum filed with the court, wherein the plaintiff agreed to waive his jury demand, may itself be withdrawn before the defendants have consented to it. See Brainerd & Bridges v. Weingeroff Enterprise, Inc., 1986 WL 10638, at *2 (N.D. Ill. 1986); see generally Zenith Radio Corp. v. Matsushita Electrical Industrial Co., Ltd., 478 F. Supp. at 896 n.16 ("[I]t would be manifestly unjust to treat an unaccepted offer to enter into a Rule 39(a) stipulation as irrevocable throughout the pendency of the pretrial stages in any case.").

In this adversary proceeding, the record is clear that the debtors made two unequivocal statements in their memorandum filed on August 12, 2009 that they were withdrawing their jury demand and intended to proceed with a bench trial. Those written statements were repeated in open court by debtors' counsel at a hearing held on August 17, 2009. Although the defendants did not immediately agree to this withdrawal on August 17th, they expressly consented on August 26, 2009, as defendants apparently

12

decided that a bench trial would be the most expeditious method for concluding these chapter 11 cases and making prompt distributions to creditors. It was only after defendants' consent that the debtors attempted to reverse their withdrawal and seek a jury trial in district court.

The debtors' filed written statements and further oral statement offering withdrawal of their earlier jury demand, promptly accepted by the defendants on the record, constitutes a stipulation within the scope of Rule 39(a)(1). See, e.g., Kahn v. General Motors Corp., 865 F. Supp. at 213. Moreover,

> [o]nce made, a stipulation waiving the right to jury trial is binding on the parties. Relief from the stipulation will be granted only to prevent a manifest injustice, or if the stipulation was entered into through inadvertence or was based on an erroneous view of the facts or law. Relief will be denied to a party who understood the nature and consequences of the waiver, and who cannot show a change of circumstances so drastic that relief is required to avoid manifest injustice.

8 Moore's Federal Practice - Civil, § 39.13[1][b] (3d ed. 2009) (footnote omitted).

There is no suggestion of inadvertence or error on the part of the debtors; nor would it be manifestly unjust to hold the debtors to their jury waiver. A bench trial is likely to be more economical for the debtors' bankruptcy estates and result in the quicker administration of these chapter 11 cases. Furthermore, the debtors' right to trial by jury in the first instance is not completely clear. See generally Cantor v. Perelman, 2006 WL 318666 (D. Del. 2006) (jury demand stricken as improper when the plaintiffs sought equitable and legal forms of relief from defendants's alleged breaches of fiduciary duty).

Accordingly, an order will be entered that strikes the debtors' jury demand as having been waived, and also denies the defendants' motion to sever. As noted earlier,

13

the concerns of prompt administration, efficiency and fairness can be met by having one trial in this court on all claims that are not dismissed under Rule 7012. Without the consent of all parties, this court will issue recommendations on all non-core causes of action.

_____
BRUCE FOX
United States Bankruptcy Judge

Dated: November 12, 2009